[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE DEFENDANT I.T.T.HARTFORD GROUP
This action, by revised amended complaint of September 19, 1997, is in five counts. The first count is a count in negligence, claiming personal injuries, against the owner and the operator of the automobile. The third count is a claim by the physically injured plaintiff against Carrie Ann's Cafe under the Dram Shop Act, General Statutes § 30-102. The fourth count is a claim by the injured party against the defendant Allstate Insurance Company for benefits arising out of underinsured CT Page 3721 motorist coverage. The fifth count is a claim by the injured party against the herein moving part, I.T.T. Hartford Group for benefits arising out of underinsured motorist coverage. The defendant I.T.T. Hartford moves to strike the claim against it, claiming that the inclusion of the claim against it constitutes misjoinder of parties. The proper procedural avenue for addressing a claim for misjoinder is in fact a motion to strike. "Where a party wishes to contest . . . (4) the joining of two or more causes of action which cannot property be united in one complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152.
The defendant I.T.T. Hartford was joined into this action by this court, Rittenband, J. by motion of the plaintiff dated June 10, 1997 and granted by the court on June 26, 1997.
Practice Book § 133 and General Statutes § 52-97
contain the same provisions. Section (7) of each, provides for joinder "upon claims, whether in contract or in tort or both, arising out of the same transaction or transactions connected with the same subject of action." Both of these sources of authority provide that ". . . if it appears to the court that they cannot be conveniently heard together, the court may order separate trials of any such cause of action or may direct that any one or more of them be ("expunged" — stat) ("deleted" — P.B.) from the complaint or answer."
The claims against the defendants in count one, and against each of the other three defendants in counts three, four and five are of course separate causes of action. See Barrett v. DanburyHospital, 232 Conn. 242, 263, 264 (1995). Yet they may be properly joined in the same complaint if the claims arise out of the same transaction or transactions connected with the same subject of the action.
In the instant case the subject of the action is the plaintiff's right to compensation arising out of personal injuries sustained in an automobile collision. The various legal rights infringed upon giving rise to these claims are (1) negligence of the operator, and vicariously, the owner, (2) sale of liquor to the allegedly intoxicated operator and (3) contractual claims for compensation arising out of the injuries sustained.
Each of the causes of action arise at the same time and from CT Page 3722 the same event — the injury producing collision. The word "transaction" as used in the statute does not necessitate a bargained for dealing between all of the parties, as that term may be used in the world of commerce. Otherwise subsection (7) would not allow joinder of tort and contract claims joined. They are specifically allowed to be joined by the verbiage of subsection (7). The word "transaction" must be understood to describe the existence of legal duties which exist as between citizens arising out of duties owed by one party to another, whether by operation of law or by the voluntary assuming of obligations arising out of contract, the violation of which become actionable upon the occurrence of an event.
The causes of action set forth in the complaint are properly joined. The claim of this defendant, in its motion to strike, recites various complexities which might arise if the matters are tried together in a single trial, including its claim that the revealing of insurance coverage may work to the prejudice of the defendant. At this point in time it cannot be determined as to what may be the circumstances existing in the future as the case is reached for trial. For example it cannot be predicted as to which of the defendants will still be in the case at that time, or what issues may remain as contested issues when the case reaches trial.
Both the Practice Book and the Statute vest the trial court with the prerogative to determine the course of the trial at that time. ". . . if it appears to the court that they cannot be conveniently heard together, the court may order a separate trial of any such cause of action . . . (P.B. § 133; General Statutes § 52-97).
The causes of action are properly joined. The motion to strike is denied.
L. Paul Sullivan, J.